IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VERONICA OATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TENNESSEE STATE | ) | JURY DEMAND |
| UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

The Plaintiff, Veronica Oates, sues the Defendant, Tennessee State University, and for cause of action states:

### **JURISDICTION AND VENUE**

1. This is an action to recover for unlawful discrimination against the Plaintiff on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and on the basis of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*.

2. This is also an action to recover for unlawful discrimination and retaliation against the Plaintiff in violation of 42 U.S.C. § 2000e-3(a) because she opposed a practice made unlawful by Title VII and in violation of 29 U.S.C. § 623(d) because she opposed a practice made unlawful by the Age Discrimination in Employment Act.

3. This Court has jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

4. The claims asserted in this action arose in Nashville, Davidson County, Tennessee. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and Title VII's choice of venue provision, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

5. The Plaintiff was a tenured Professor in the Department of Human Sciences in the College of Agriculture at Tennessee State University ("TSU") in Nashville, Tennessee. The Plaintiff is African American. The Plaintiff's date of birth is November 29, 1969.

6. The Defendant TSU is a public university and a state-operated education institution with its principal place of business in Nashville, Davidson County, Tennessee. TSU receives federal funding. TSU employs more than 500 individuals. TSU is an "employer" as defined by 42 U.S.C. §2000e(b).

## FACTS

7. In 2018 the Plaintiff began serving as Department Chair of the Department of Human Sciences at TSU, first on an interim basis and then on a regular basis. The Department of Human Sciences is in the College of Agriculture.

8. As Department Chair, the Plaintiff reported to Dr. Chandra Reddy, the Dean of the College of Agriculture. Dean Reddy's national origin is the country of India.

9. On September 29, 2021, the Plaintiff filed an internal complaint at TSU after Dean Reddy rejected two African American candidates for a position in the Department of Human Sciences and revised the posting of the position so it would be more suitable for a candidate of East Indian descent whom Dean Reddy preferred for the position.

10. A copy of the Plaintiff's September 29, 2021, internal complaint is attached as **Exhibit 1**.

11. The Defendant TSU did nothing to address the Plaintiff's complaint.

12. On August 20, 2022, the Plaintiff filed an internal complaint at TSU after Dean Reddy failed to sign paperwork needed for the Plaintiff to earn additional sums over the summer months in 2022 even though Dean Reddy had approved comparable paperwork for Dr. Samuel Nahashon. Upon information and belief, the national origin of Dr. Nahashon is Kenya.

13. A copy of the Plaintiff's August 20, 2022, internal complaint is attached as **Exhibit 2**.

14. The Defendant TSU did nothing to address the Plaintiff's complaint.

15. On January 10, 2025, the Plaintiff filed an internal complaint of discrimination. The complaint followed an encounter the Plaintiff had with Dr. LaPorchia Davis, an Associate Professor in the Department of Human Sciences over which the Plaintiff was Department Chair.

16. Upon information and belief, the conflict between the Plaintiff and Dr. Davis grew in part out of the Plaintiff's questioning of Dean Reddy about a LEAD 21 leadership development program. Although the Plaintiff was in a leadership position as Department Chair, Dean Reddy did not support the Plaintiff's attendance at the program. Dean Reddy did, however, support Dr. Davis's attendance at the program, even though Dr. Davis was in just her second semester at TSU and did not hold a leadership position.

17. When the Plaintiff questioned why Dean Reddy was supporting Dr. Davis's attendance at the LEAD 21 program and not the Plaintiff's attendance, Dean Reddy characterized the Plaintiff's complaint as personal and not serious.

18. A copy of the Plaintiff's January 10, 2025, internal complaint is attached as **Exhibit 3**.

19. Upon information and belief, Dr. Davis is under 40 years old and is substantially younger than the Plaintiff.

20. The Plaintiff believed Dean Reddy's support of Dr. Davis and not of the Plaintiff to attend the LEAD 21 leadership development program was based on the Plaintiff's age and amounted to age discrimination.

21. On April 17, 2025, Tanya Webster, Executive Director of TSU's Office of Institutional Compliance and Title IX, sent the Plaintiff a letter informing the Plaintiff that her January 10, 2025, complaint did not reflect a policy violation and that there was no evidence of age discrimination. A copy of Ms. Webster's April 17, 2025, letter is attached as **Exhibit 4**.

22. On the following day, April 18, 2025, Dean Reddy asked the Plaintiff to meet with him. The Plaintiff was unable to meet with Dean Reddy that day, which was Good Friday, but she agreed to meet with him on the following Wednesday, April 23, 2025.

23. When the Plaintiff met with Dean Reddy on April 23, 2025, Dean Reddy handed the Plaintiff a letter informing her that she was being relieved of her duties as Department Chair effective immediately. Dean Reddy's letter offered the following explanation for the demotion of the Plaintiff:

> "I am writing to inform you of a change in your role as Chair of the Department of Human Sciences. After careful review and consideration of our organization's needs, it has been decided that you will be relieved of your duties as department chair effective today. In an effort to strengthen and sustain the academic programs within the department, we believe that your expertise and experience are best utilized in the classroom, where you can continue to inspire and motivate students. Therefore, you will continue to serve as a faculty and continue your duties in that regard."

24. A copy of Dean Reddy's letter to the Plaintiff informing her of her demotion is attached as **Exhibit 5**.

25.     Upon information and belief, when Dean Reddy met with the Plaintiff to deliver the letter informing her of her demotion, he had not determined who would serve as Department Chair. During their April 23, 2025, meeting, Dean Reddy asked whom the Plaintiff believed should replace her as Department Chair.

26.     With the demotion, the Plaintiff suffered a 20% reduction in salary. In addition to the reduction in her annual salary, the Plaintiff also lost an additional $12,000 annual stipend she received for serving as Department Chair.

27.     In 2023 the Defendant TSU had implemented a "Department Chairs Exit Plan" [the "Plan"] with an indicated purpose of easing the "transition from department chair to a faculty position." According to its terms, the Plan applied "to any chair who serves at least three full calendar years either as Department Chair or Interim Department Chair or any combination of the two. This plan goes into effect immediately upon exiting the chair role." The Plan placed limits on the amount of the salary reduction that could be imposed on an individual transitioning from department chair to a faculty position, depending on the number of years the individual had held the department chair position. A copy of the Plan is attached as **Exhibit 6**.

28.     At the time of her demotion from department chair to a faculty position on April 23, 2025, the Plaintiff had served either as Interim Department Chair or Department Chair for more than five consecutive years.

29.     According to the Plan, the Plaintiff was "eligible for salary conversion of only 10% reduction rather than the standard 20%."

30.     On June 3, 2025, the Plaintiff emailed Linda Spears, Associate Vice President of Human Resources for the Defendant TSU, and requested a review and adjustment of her salary based on the assurance in the Plan that she would suffer no more than a 10% salary reduction with

her demotion from her department chair position to a faculty role. On the following day, Ms. Spears replied that the Plan "is used for chairs that elect to step down on their own by making a written request and receiving approval prior to that action…." According to Ms. Spears, the Plan therefore did not apply to the Plaintiff. A copy of the email exchange between the Plaintiff and Ms. Spears is attached as **Exhibit 7**.

31. The Defendant TSU did eventually adjust the Plaintiff's salary in accordance with the Plan, but not until approximately a year later.

32. Upon information and belief, a few days after demoting the Plaintiff, Dean Reddy selected Dr. Margaret Machara, who is Caucasian, to replace Plaintiff as Department Chair.

33. The Plaintiff filed a timely complaint of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission (EEOC). On April 23, 2026, the EEOC notified the Plaintiff of her right to sue. A copy of the notice of right to sue is attached as **Exhibit 8**.

**CAUSES OF ACTION**

**Count I: Discrimination**

34. The Plaintiff is an African American over the age of 40 and is a member of a protected class under Title VII and the Age Discrimination in Employment Act.

35. The Plaintiff was qualified for the position of Department Chair of the Department of Human Sciences at TSU.

36. The Plaintiff was subjected to discriminatory and disparate treatment because of her race and national origin as well as her age.

37. TSU discriminated against the Plaintiff because of her race, national origin, and/or age by demoting her from her Department Chair position.

**Count II: Retaliation**

38. TSU retaliated against the Plaintiff because of her opposition to discrimination against her on the basis of her race, national origin, and/or age, when Dean Reddy demoted the Plaintiff from her position as Department Chair almost immediately after TSU's April 17, 2025, rejection of the Plaintiff's internal discrimination complaint.

39. TSU retaliated against the Plaintiff because of one or more of her internal complaints of discrimination on the basis of race, national origin, and age, in violation of the anti-retaliation provisions in 42 U.S.C. § 2000e-3(a) and 29 U.S.C. § 623(d).

40. TSU's discrimination and retaliation against the Plaintiff were committed maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

41. TSU is vicariously liable for the actions of its management and supervisors, including the actions of Dean Reddy.

42. The Plaintiff has fulfilled all administrative prerequisites and conditions precedent to the institution of this action.

43. As a direct and proximate result of the discriminatory and retaliatory actions of TSU, the Plaintiff has suffered a loss of earnings and will be in the future deprived of income in the form of wages and of prospective benefits.

44. As a direct and proximate result of the discriminatory and retaliatory actions of TSU, the Plaintiff has been, is being, and will be in the future harmed by damage to her reputation as a member of the TSU faculty.

45. As a direct and proximate result of the discriminatory and retaliatory actions of TSU, the Plaintiff has suffered humiliation, embarrassment, and mental anguish.

Premises considered, the Plaintiff prays:

1.  That process issue and be served upon TSU requiring it to answer;

2.  That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;

3.  That the Plaintiff be granted a judgment declaring the employment policies, practices, procedures, conditions and customs of TSU as applied to the Plaintiff were in violation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*

4.  That the Plaintiff be granted a judgment declaring that TSU unlawfully retaliated against the Plaintiff in violation of 42 U.S.C. § 2000e-3(a) because she opposed a practice made unlawful by Title VII and in violation of 29 U.S.C. § 623(d) because she opposed a practice made unlawful by the Age Discrimination in Employment Act.

5.  That the Plaintiff be granted a permanent injunction enjoining TSU, its agents, successors, employees, and those acting in concert with TSU or at TSU's request, from continuing to violate the Plaintiff's rights.

6.  That the Plaintiff be granted a judgment against TSU for the full amount of pay and employee benefits, together with prejudgment interest, that the Plaintiff lost as a result of TSU's discriminatory and retaliatory removal of the Plaintiff from her position as Department Chair;

7.  That the Plaintiff be granted a judgment on her claim of discrimination and retaliation and awarded compensatory damages together with liquidated damages if it is determined that the violation of the Age Discrimination in Employment Act was willful;

8.  That TSU be ordered to reinstate the Plaintiff to her position as Department Chair or, in the alternative, that the Plaintiff be awarded front pay if reinstatement is not feasible;

9.  That the Plaintiff be awarded her costs including reasonable attorneys' fees; and

8

10. For such further and general relief as the equities of this cause may require and the Court may deem just and proper.

/s/ Richard L. Colbert
Richard L. Colbert, No. 9397
Sarah M. Ingalls, No. 38383
THOMPSON BURTON PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
(615) 465-6000
rcolbert@thompsonburton.com
singalls@thompsonburton.com
*Attorneys for Plaintiff Veronica Oates*

9